UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRIANNA PAIGE VINCENT, et al.      :
    Plaintiffs,                 :
                                :    Case No. 3:04CV491 (JBA)
v.                                 :
                                :
ESSENT HEALTHCARE OF CONNECTICUT,  :
et al.,                            :
    Defendants.                 :

## RULING ON DEFENDANTS' MOTION TO DISMISS [DOC. #205]

Defendants' Motion to Dismiss [Doc. #205], as amended by defendants' Withdrawal of Certain Contentions [Doc. #244], is DENIED:

## I. Statute of Limitations

Defendants seek dismissal, relying on an evidentiary record beyond the allegations of the Second Amended Complaint[1] and any document referenced therein.  "'In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference. . . .'" and "is further required to view all allegations raised in the complaint in the light most favorable to the non-moving party."

---

[1] As this case was consolidated with Vincent v. Physicians for Women's Health, LLC, No. 06CV249, on March 3, 2006, on the theory that defendants Mortman and Sharon Ob/Gyn do business as Physicians for Women's Health, the Complaint in 06CV249 [Doc. #1] is read together with the Second Amended Complaint referenced here.

<u>Newman & Schwartz v. Asplundh Tree Expert Co., Inc.</u>, 102 F.3d 660, 552 (2d Cir. 1996) (quoting <u>Kramer v. Time Warner, Inc.</u>, 937 F.2d 767, 773 (2d Cir. 1991)). Since the motion cannot be decided on the facts stated in the complaint, defendants' motion is DENIED without prejudice to renew as a properly supported motion for summary judgment under Federal Rule of Civil Procedure 56 and Local Rule 56.  Scheduling for filing such motion has been set.

## II. Bystander Emotional Distress and Negligent Infliction of Emotional Distress

Defendants' motion to dismiss for failure to state a claim under state law is denied as moot in light of plaintiffs' representation and clarification that no claim for bystander emotional injury is made.  Plaintiffs, in their Memorandum in Opposition [Doc. #214], deny having made a bystander claim; Count Four, they aver, instead states a claim for negligent infliction of emotional distress.  Whether plaintiffs' negligent infliction claim is separately cognizable and not a proxy for the disavowed bystander distress claim will, with the agreement of defendants' counsel, be best addressed on a more developed record in defendants' forthcoming motion for summary judgment. Accordingly, defendants' motion to dismiss is DENIED without prejudice.

## III.  Improper Consolidation

As defendants' objection [Doc. #160] to the Court's Order of Consolidation [Doc. #140] has already been duly considered and overruled [Doc. #187], the Court need not revisit its prior decision at this time.  The Court acknowledges that defendants' third subargument supporting the improper consolidation ground of their motion to dismiss, insufficient service of process under Federal Rule 12(b)(5), could be a valid ground for a motion to dismiss.  However, it cannot be asserted to dispute a consolidation order in the form of a motion to dismiss.  Thus, the Court DENIES defendants' motion to dismiss on the ground of improper consolidation.  However, defendants are not precluded from renewing their motion to dismiss on the ground of improper service of process.

## IV.  Conclusion

Accordingly, defendants' Motion to Dismiss [Doc. #205] is DENIED WITHOUT PREJUDICE to renew as a motion for summary judgment on the grounds of the statute of limitations and bystander emotional distress/negligent infliction of emotional distress, and DENIED on the grounds of improper consolidation.

IT IS SO ORDERED.

/s/

_____

JANET BOND ARTERTON, U.S.D.J.

**Dated at New Haven, Connecticut, this 28th day of September, 2006.**

3